UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ADRIANA MARIA QUIROZ-ZAPATA, | § |
| *Petitioner*, | § |
| v. | § |
| MARY ANDA-YBARRA, IN HER OFFICIAL CAPACITY AS FIELD OFFICE DIRECTOR, EL PASO FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; MARTIN SARELLANOJR, IN HIS OFFICIAL CAPACITY AS ASSISTANT FIELD OFFICE DIRECTOR, EL PASO FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR, US IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY, US DEPARTMENT OF HOMELAND SECURITY; AND PAMELA JO BONDI, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES; | § No. 3:25-CV-00148-LS |
| *Respondents*. | § |

**ORDER**

Petitioner Adriana Maria Quiroz-Zapata, in immigration custody awaiting deportation, seeks a writ of habeas corpus under 28 U.S.C. § 2241 and release to family in New Jersey until the deportation occurs.[1] The Court denies her petition.

---

[1] ECF No. 1.

"When an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."[2] The Supreme Court holds, however, that detention for up to six months to effect the deportation is presumptively reasonable.[3] "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."[4]

Quiroz alleges in her petition that she was ordered removed to Colombia in November 2021 and reentered the United States in August 2024.[5] She alleges that the 90-day removal period expired on May 22, 2025[6] and that "there is no need to grant [the Government] six months to effectuate [her] removal."[7]

If the 90-day removal period expired on May 22nd, as Quiroz contends, she is within the six-month period during which her continued detention is presumed reasonable. Even if she were beyond the six-month period, however, she makes no compelling argument "that there is no significant likelihood of removal in the reasonably foreseeable future."[8] Although Quiroz alleges that she is "legally protected from removal to Colombia,"[9] she also alleges that an attempted deportation to Mexico was reversed only because "Mexican authorities…cit[ed] the absence of any formal acceptance" of Quiroz.[10] No party makes any showing that Quiroz cannot be finally deported to Mexico, or any country, in the reasonably foreseeable future.

---

[2] 8 U.S.C. § 1231(a)(1)(A).
[3] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).
[4] *Id*.
[5] ECF No. 1 at 16.
[6] ECF No. 7 at 2.
[7] ECF No. 1 at 27.
[8] *Zadvydas*, 533 U.S. at 701.
[9] ECF No. 1 at 27.
[10] *Id*. at 21.

Finally, the fact that Quiroz illegally reentered the United States in August 2024 after having already been removed at least once[11] cuts against her argument that she "does not pose a significant risk of flight if released,"[12] especially given the pendency of her reinstated removal order.

For these reasons, Quiroz's claims fail. Because she is not entitled to release, her petition is **DISMISSED WITHOUT PREJUDICE** without further hearing.[13] All pending motions are **DENIED**. The Clerk shall close this case.

**SO ORDERED**.

**SIGNED** and **ENTERED** on June 25, 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[11] ECF No. 12-1 at 2.
[12] 8 C.F.R. 241.4(e)(6), (f)(6)(a factor for consideration is "[p]rior immigration violations and history"), and (f)(7)(another factor for consideration is "[t]he likelihood that the alien is a significant flight risk or may abscond to avoid removal.").
[13] *See Johnson v. Wilkinson*, 279 F.2d 683, 684 (5th Cir. 1960) (citing *Rea v. McDonald*, 153 F.2d 190, 190 (5th Cir. 1946) ("As all facts . . . appeared on the face of the record . . . the District Court could properly dispose of the petition without holding a hearing.").