UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ADRIANA MARIA QUIROZ-ZAPATA,<br><br>*Petitioner*,<br><br>v.<br><br>MARY ANDA-YBARRA, IN HER OFFICIAL CAPACITY AS FIELD OFFICE DIRECTOR, EL PASO FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; MARTIN SARELLANOJR, IN HIS OFFICIAL CAPACITY AS ASSISTANT FIELD OFFICE DIRECTOR, EL PASO FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR, US IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY, US DEPARTMENT OF HOMELAND SECURITY; AND PAMELA JO BONDI, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES;<br><br>*Respondents*. | No. 3:25-CV-00148-LS |

### ORDER DENYING PETITIONER'S MOTIONS

Petitioner Adriana Maria Quiroz-Zapata moves the Court to reconsider its dismissal of her petition for a writ of habeas corpus and to amend her judgment.[1] The Court denies both motions, which rely on the same argument.

---

[1] ECF Nos. 20, 21.

## I. LEGAL STANDARD.

"Reconsideration of a judgment after its entry is an extraordinary remedy to be used sparingly."[2] Motions for reconsideration should not be used to raise arguments that could have been raised before judgment.[3] Rather, these motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[4]

## II. ANALYSIS.

In her initial briefing, Petitioner conceded that she was "subject to a final order of removal"[5] and had been detained for less than six months after such order became final.[6] Accordingly, the Court dismissed her petition because the government is entitled to a "presumptively reasonable" six month period to deport aliens ordered removed.[7] Petitioner now moves for reconsideration, arguing for the first time that there was no enforceable order of removal against her.[8]

This Court will not consider an argument raised for the first time in a motion for reconsideration. Petitioner conceded the disputed fact in her initial briefing[9] and had multiple opportunities to amend her arguments before the Court dismissed her petition. As a motion for

---

[2] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Emps. Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)).
[3] *Id.*; *see also Texas Instruments, Inc. v. Hyundai Elecs. Indus., Co.*, 50 F.Supp.2d 619, 621 (E.D. Tex. 1999) ("[M]otions for reconsideration 'should not be used to raise arguments that could, and should, have been made before entry of judgment . . .'" (quoting *Lupo v. Wyeth-Ayerst Labs.*, 4 F.Supp.2d 642, 643 (E.D. Tex. 1997))).
[4] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 735 F.2d 1367 (7th Cir. 1984)).
[5] ECF No. 16 at 1.
[6] *See id.* at 3 (arguing that there is "no need to grant Respondents six months to effectuate Petitioner's removal"); *see also* ECF No. 7 at 2 (stating that Petitioner completed the 90-day post-removal detention period on May 22, 2025).
[7] ECF No. 18 at 2 (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)).
[8] ECF No. 21 at 2.
[9] ECF No. 16 at 1.

reconsideration "may not be used to . . . introduce new arguments,"[10] the Court denies Petitioner's motions [ECF Nos. 20, 21].

**SO ORDERED**.

**SIGNED** and **ENTERED** on August 4, 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[10] *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005).